UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CALIFORNIA INNOVATIONS INC.,                                   05-CV-0540E(Sc)

                              Plaintiff,

                                                                               MEMORANDUM
              -vs-

                                                                                      and
TRAVELERS CLUB LUGGAGE, INC.

                                                                                 ORDER[1]
                              Defendant.

_____

## INTRODUCTION

          Plaintiff herein, California Innovations, Inc., (CII) is a foreign corporation with

corporate offices in Toronto, Ontario and asserts that it is the assignee of certain

patents referred to as "the 776 patent" and "the 389 patent".  Defendant Travelers

Club Luggage, Inc. (TCL) is a California corporation with its principal place of

business in Los Angeles, California.  CII brought the instant patent infringement

action against TCL[2] by filing the complaint herein on August 3, 2005 (Dkt. #1).  TCL

first filed a motion for change of venue and to sever on November 16, 2005 (Dkt. #7)

and thereafter filed its answer with counterclaim for declaratory relief on November

_____

          [1] This decision may be cited in whole or in any part.

          [2]  The complaint was also filed against Golf, Gifts & Gallery, Inc.  However, on March 31,
2006, pursuant to a Stipulation and Order filed herein, the matter was dismissed as against this
defendant (Dkt. #24).

17, 2005 (Dkt. #12).  Pending before the Court is the motion for change of venue.[3]  The parties have submitted all responses and replies and the matter was submitted for decision on February 10, 2006.

## BACKGROUND

CII claims that TCL infringed, and continues to infringe, on the 776 and 389 patents in the design, manufacture, use and/or sale of soft sided coolers which use the patents' practices and methods.  Defendant claims that venue of this matter should be transferred to U.S. District Court for the Central District of California.

TCL claims that the design and development of all of its products are done in the Central District of California.  This is also where TCL's product catalogs are created, its ordering mechanisms are hosted and from where all of its products are distributed.  Only 0.03% of the total sale of the accused products (and only seven of twenty-one cooler models) were distributed to independent retailers in this District between September 2001 and April 2004.  The last sale in this District occurred in April 2004 and there have been none since.  Further, the total New York state sale of the accused products from 2001 to 2005 account to less than 0.06% of TCL's total sales of the accused products, and 80% of this small amount was not sold in this District but went to independent retailers in the Southern District (and only 5% sold

---

[3] The motion to sever CII's claims against TCL from the claims it filed against Golf, Gifts & Gallery, Inc. asserted that the actions were misjoined.  Insomuch as the matter has been discontinued against Golf, Gifts & Gallery, Inc., this portion of the motion is DENIED as moot.

here).   All potential fact witnesses — to wit, company officers and employees familiar with TCL's design, development, marketing and sales practices — reside in the Central District of California.  No officers or personnel of TCL have ever traveled to New York for business purposes.  TCL is not incorporated in New York, nor is it registered to conduct business here.  It has never maintained an office in New York, nor has it any registered agents or employees here.

Plaintiff is a foreign corporation and states three reasons for filing suit in this District (1) it is the closest U.S. District Court to its corporate office in Toronto, (2) TCL infringed its patents here and (3) courts in this District resolve patent disputes promptly and efficiently.

## DISCUSSION

TCL seeks transfer to the Central District of California pursuant to 28 U.S.C. §1404(a).  Pursuant to this statute, a district court may "[f]or the convenience of parties and witnesses, in the interests of justice, *** transfer any civil action to any other district or division where it might have been brought."   28 U.S.C. §1404(a).  The moving party bears the burden of establishing the propriety of the transfer by a clear and convincing showing.  *See Ford Motor Co.* v. *Ryan*, 182 F.2d 329, 330 (2d Cir.), *cert. denied*, 340 U.S. 851 (1950).  The decision whether to transfer venue lies within the sound discretion of the district court.  *See Air-Flo M.G. Co.* v. *Louis Berkman Co.*, 933 F. Supp. 229, 233 (W.D.N.Y. 1996).

With respect to such a motion, the Court considers "(1) whether the action might have been brought in the proposed transferee forum; and (2) whether the transfer promotes convenience and justice." *Excelsior Designs, Inc.* v. *Sheres*, 291 F. Supp. 2d 181, 185 (E.D.N.Y. 2003) (internal citations omitted).   Neither party argues that this action could not have been brought in the Central District of California.   Rather, the dispute centers on whether transfer would promote convenience and justice.

Courts weigh several factors in the determination of whether a transfer would promote convenience and justice.   Those factors include: (1) the convenience of witnesses and the parties; (2) the location of operative facts and relevant documents and the relative ease of access to sources of proof; (3) the availability of process to compel the attendance of unwilling witnesses; (4) the forum's familiarity with the governing law; (5) the relative financial means of the parties; (6) the weight afforded plaintiff's choice of forum; and (7) trial efficiency and the interests of justice generally.   *AEC One Stop Group, Inc.* 326 F.Supp.2d 525, 528 (N.D.N.Y. 2004), *citing Anadigics, Inc.* v. *Raytheon Co.*, 903 F.Supp. 615, 617 (S.D.N.Y. 1995). "In ruling on a motion to transfer venue, the trial judge is to give the plaintiff's choice of venue substantial consideration." *AEC One Stop Group, supra, citing Warrick* v. *Gen. Elec. Co.*, 70 F.3d 736, 741 (2d Cir.1995). "There is no rigid formula for balancing these factors and no single one of them

is determinative." *AEC One Stop Group, supra, quoting Citigroup Inc.* v. *City Holding Co.,* 97 F.Supp.2d 549, 561 (S.D.N.Y. 2000).

The Court has weighed the appropriate factors and finds that TCL has satisfied its burden with a clear and convincing showing in favor of transfer to the Central District of California.   The Central District of California is where the design, development, marketing, distributing and cataloging of the allegedly infringing products occur.  In this patent infringement case, questions relative to infringement would necessarily involve issues relating to design, manufacture and marketing.   TCL officers and employees would necessarily be the ones to testify about these areas at trial.  TCL has established that witnesses, documents and proof relative to these areas are located in the Central District of California.

The Court views such factors as the availability of process to compel the attendance of unwilling witnesses and the relative financial means of the parties as neutral because neither party has raised these factors as in any way being relevant to the litigation or to this motion.

CII states only three reasons why it brought suit in this District.  The Court recognizes this District as CII's *de facto* home forum due to the fact that it is a foreign corporation with no real home forum in the United States and this District is the closest to its home in Toronto.   However, this factor alone is not determinative.  Other than home forum, the Court finds a total absence of any

factor to warrant litigation here.  CII's argument that some of TCL's infringing behavior occurred here is unavailing.  TCL has established that the total sales of the alleged infringing product in this District is *di minimus*.

Further, CII's compliment that this District resolves patent disputes promptly and efficiently is viewed as neutral because it provides no evidence that it does so any better than the Central District of California.

<u>**CONCLUSION**</u>

For the reasons stated herein, TCL's motion (Dkt. #7) will be **GRANTED**. The Clerk of the Court is directed to take all steps necessary to effectuate transfer to the Central District of California and close the case in this District.

DATED:      Buffalo, N.Y.

October 4, 2006

_____
/s/ John T. Elfvin
JOHN T. ELFVIN
S.U.S.D.J.